UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------X  Docket#
CURTIS,                        : 20-cv-00824-PKC-LB
              Plaintiff,       :
      - versus -               : U.S. Courthouse
                               : Brooklyn, New York
                               :
GREENBERG, et al.,             : June 25, 2020
              Defendants       : 1:35 PM
------------------------------X
```

TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
BEFORE THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE

**A  P  P  E  A  R  A  N  C  E  S:**

| | |
|---|---|
| **For the Plaintiff:** | **Wilfred Robert Curtis, Esq.** |
| **For Defendant Larkin, Larkin, Ingrassia & Tepermayster, LLP:** | **Avigael C. Fyman, Esq.** <br> Rivkin Radler LLP |
| **For Defendant Kelson, Todd A. Kelson PC:** | **Joseph L. Francoeur, Esq.** <br> Wilson Elser |
| **For Defendant Mishael Pine:** | **Erin Anne O'Leary, Esq.** <br> Lewis Brisbois |
| **For Defendant Berutti, Weiner Law Group, LLP:** | **Anthony J. Iaconis, Esq.** <br> **Danielle Sullivan, Esq.** <br> Diserio Martin O'Connor & Castiglioni, LLP |
| **For Defendant Saltiel, Wenig, Saltiel, LLP:** | **Jeffrey L. Saltiel, pro se** <br> Wenig Saltiel LLP |
| **For Defendant Sheindlin & Sheindlin Law Office:** | **Gregory Sheindlin, pro se** |
| **For Defendant Bassa:** | **Niloufer Bassa, pro se** |
| **Transcription Service:** | **Transcriptions Plus II, Inc.** <br> 61 Beatrice Avenue <br> West Islip, New York 11795 <br> laferrara44@gmail.com |

Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1          THE CLERK:  Civil Cause for a Telephone

2    conference, docket number 20-cv-824, Curtis v. Greenberg,

3    et al.

4          Will the parties please state your names for

5    the record.

6          MR. CURTIS:  Plaintiff W. Robert Curtis.

7          THE COURT:  Ms. Fyman, you could start us up,

8    please.  Ms. Fyman, if you could note your appearance for

9    the Larkin defendants?

10         MS. FYMAN:  Hello, can you hear me now?

11         THE COURT:  Yes, I can.  Thank you.

12         MS. FYMAN:  My apologies.  This is Avigael

13   Fyman from Rivkin Radler for defendants William J.

14   Larkin, and Larkin, Ingrassia & Tepermayster, LLP.

15         THE COURT:  Thank you.

16         MR. SALTIEL: Jeffrey Saltiel, for Wenig,

17   Saltiel, and Saltiel, LLP.

18         THE COURT:  Wait, wait, wait.  We're going to

19   go the same order.  For the Kelson defendants, please?

20         MR. FRANCOEUR:  Good afternoon, your Honor.

21         Joseph Francoeur from Wilson Elser on behalf of

22   Todd Kelson, and Todd Kelson, P.C.

23         THE COURT:  On behalf of defendant Pine,

24   please?

25         MS. O'LEARY:  Good afternoon, your Honor.

3

Proceedings

1        Erin O'Leary of Lewis Brisbois.

2        THE COURT:  On behalf of the Berutti --

3        MS. O'LEARY:  Excuse me, on behalf of defendant

4    Michelle Pine.

5        THE COURT:  Thank you.  On behalf of the

6    Berutti defendants?

7        MR. IACONIS:  Yes, good afternoon, your Honor.

8        Anthony Iaconis and Danielle Sullivan on behalf

9    of Berutti and the Weiner Law Group.

10       THE COURT:  Now Mr. Saltiel, thank you.

11       MR. SALTIEL: Jeffrey Saltiel, for Wenig,

12   Saltiel, and Jeffrey Saltiel.

13       THE COURT:  Thank you.  And Mr. Sheindlin?

14       MR. SHEINDLIN:  Yes, Judge.  Gregory Sheindlin

15   on behalf of myself, and the Sheindlin Law firm.

16       THE COURT:  And for Ms. Bassa?

17       MS. BASSA:  Ms. Niloufer Bassa, pro se.

18       THE CLERK:  The Honorable Lois Bloom presiding.

19       THE COURT:  Thank you, everybody.

20       This is a telephone conference in plaintiff's

21   action alleging that six attorneys, together with a non-

22   attorney defendant participated in schemes to steal

23   approximately $7 million from plaintiff from the end of

24   2016 through the present.

25       I last spoke to all of the parties on June

4

Proceedings

1    11th.  At that conference, plaintiff was given an
2    opportunity to amended his complaint by the end of the
3    business day.  The prior order of the Court had been that
4    he would amend the complaint prior to that date, but I
5    gave him until the end of that day because he said it was
6    all done.  Actually, I gave you till the end of business
7    on June 12th, and plaintiff did file his amended
8    complaint, which is ECF number 32.
9           Mr. Curtis, I was under the impression when we
10   spoke at the original conference that you understood what
11   I was saying, and that you were going to pare out the
12   original complaint which is why I wanted to give you a
13   chance to amend.  Everybody was going to move to dismiss
14   the complaint as it, and unfortunately, the complaint
15   that's been filed is just as voluminous, and is quite
16   confusing, as quite a lot of both facts alleged, but also
17   a lot of documents attached to it, and now at least
18   several of the defendants have written to Judge Chen and
19   myself saying that it violates Rule 8, which is the Rule
20   talking about completing between a plain and simple
21   notice of the claim.
22          And I understand, you know, you are entitled to
23   put in more detail than just notice pleading, but at this
24   point, a number of the defendants have asked for a pre-
25   motion conference, and Judge Chen has referred those pre-

5

                              Proceedings

1   motion conference letters to my attention, and said that

2   I can set the motion deadlines here, instead of having

3   the defendant's answered, or likely going to move.

4           And so I wanted to talk to you, sir, about

5   whether or not you believe that there was any

6   possibility, since you have, I imagine, gotten the

7   letters that were filed by defendant's counsel that talk

8   about why it is not in compliance with Federal Rule of

9   Civil Procedure 8(a)(2) (indiscernible).

10          We'll put aside that you've cited to the wrong

11  statute, you cited to 18 USC Code 1942, instead of 1962,

12  but putting that aside, there are problems that I thought

13  you were going to remedy by filing the amended complaint.

14          Mr. Curtis, do you want to be heard on this?

15          MR. CURTIS:  Yes.  Your Honor, I spent a lot of

16  time and thought and care in preparing the amended

17  (indiscernible).

18          THE COURT:  I'm sorry.  You're going in and

19  out, Mr. Curtis.

20          MR. CURTIS:  Okay.

21          THE COURT:  Hearing you fine -- I heard that

22  you spent a lot of time and care in preparing, and then

23  your phone was cutting out, so if you're moving around

24  your apartment, stay in one place.

25          MR. CURTIS:  Yes.

6

                          Proceedings

1              THE COURT:  And I want to hear your response,

2    sir.

3              MR. CURTIS:  I am in one place, your Honor, and

4    the -- it was necessary to plead the predicate acts this

5    length.  I think that was the part that I was saying that

6    was cut off.

7              THE COURT:  Well, quite frankly as they point

8    out in their motion requests, the original complaint was

9    145 pages.  The amended complaint is 133 pages, has quite

10   a lot of factual minutia in it, reiterates the same

11   claim, and this is specifically stated in the Larkin

12   defendant's pre-motion conference request to Judge Chen

13   and myself, they're making the argument that you're a

14   practicing attorney, and therefore -- I'm quoting them,

15   "There is simply no excuse for you burdening the Court

16   and defendants with a rambling diatribe, rather than a

17   concise plain statement of the claim."  And they're

18   citing to a case that is on page 2 of their pre-motion

19   conference request from April of 2008.

20             I basically just wanted to have a conversation

21   with you because just as you have the right to bring a

22   case, Mr. Curtis, the defendants will have the right to

23   defend it as they see fit, and if (indiscernible) to

24   schedule a motion, there have been four letters from

25   different parties received, I'm going to schedule the

7

Proceedings

1  motion for whoever wants to move, and get everybody on
2  the same schedule.
3          But if there was the chance that you could
4  amend to obviate their invocation of Rule 8, if you could
5  make it so it's not 133 pages, and as confusing as it is,
6  I would perhaps give you another try but if you're
7  telling me that this is it, you're not going to ask if
8  the case is dismissed for a chance to amend again, then
9  I'm going to go ahead ad set the schedule for the
10 defendants, and for you to address whether or not it
11 states a claim.
12         I will tell you attorneys, that the request
13 should just out of hand say it doesn't comply with Rule
14 8, that's something the Court will not do.
15         If you want to add that to the list of things
16 that you're going to say, that's fine, but just because
17 he refers to the incorrect statute, which he's going to
18 argue is a typo that he didn't correct, which he
19 should've corrected, but he didn't, that would not be a
20 basis for dismissing the complaint.
21         And again, to the extent that you're going to
22 want to attach documents, which is one of my concerns
23 defendants, I understand he attached a lot of documents
24 to his complaint, but if you're going to attach other
25 documents, then it should be a motion for summary

8

Proceedings

1    judgment, and even though Mr. Curtis is an attorney,
2    there is a Local Rule 56.2, which says there has to be
3    special notice whenever somebody is pro se regarding
4    what's required under both Rule 56 and the Local Rules
5    56.1 statements, and then if you're going to ask the
6    Court to convert any motion under Rule 12, to a Rule 56
7    motion, you have to give special notice under Local Rule
8    12.1.
9           So I'm saying that to all of the defendants,
10   just for you to look at.  I'm not saying what's required,
11   but I would not want you to go through (indiscernible)
12   and (indiscernible) motion, and then ask the Court to
13   take notice of all sorts of documents.
14          Now again, if there are documents that he's
15   already attached, that's one thing, or if there are
16   documents that perhaps the Court could take judicial
17   notice of because they were filed in a state court
18   matter, that's another thing, but I don't want to make
19   these determinations premature, I'm just advising you of
20   concerns that I have in looking over your pre-motion
21   conference requests.
22          So back to you, Mr. Curtis.  I understood that
23   you took time and effort to put the amended complaint
24   together.  You do understand that they are saying it is
25   just as voluminous, and (indiscernible) and confusing as

9

Proceedings

1   the original complaint.

2           What is it that you would like to do?  Do you

3   want to move forward on the amended complaint?  I'll

4   schedule the motions today.  If you want to take another

5   30 days to try to get a better complaint filed because

6   you think that you can address the issues that the

7   defendants have raised in their pre-motion conference

8   request letters, I would hear you on that.

9           MR. CURTIS:  Your Honor, if I -- I would like

10  to do another try at it.  I mean, there is more

11  information now.  I understand the Court's concern, and

12  if I could take another try, best effort in 30 days, I

13  would do that.

14          THE COURT:  So defendants, I'm going to ask for

15  you to identify if you believe for any reason that that

16  would prejudice your client.  I think all that you've

17  done at this point, is you've put in a pre-motion

18  conference request letter.  I cannot see the prejudice in

19  giving Mr. Curtis another 30 days to file a second

20  amended complaint.

21          If he's able to address your concerns about

22  Rule 8(a), well that's all fine and well.  That doesn't

23  mean that you're then going to answer the complaint,

24  rather than move, I'd still be able to hold a conference

25  after giving him the opportunity to file a second amended

10

Proceedings

1  complaint, and we may be right back where we are.  I

2  wouldn't even make the people who have written to me

3  already write again.  I would just convene another

4  conference, and if they're going to hold to their opinion

5  that even if they could determine what it is, and

6  decipher his complaint, that there are grounds under Rule

7  12 which they would like to move to dismiss, I would be

8  prepared to do that.

9          So can I just ask, I'll go down the list again,

10  Ms. Fyman, do you have any opposition to me giving Mr.

11  Curtis another opportunity to amend his complaint?

12          MS. FYMAN:  No, your Honor.  I don't see any

13  prejudice.

14          THE COURT:  Mr. Francoeur, any objection?

15          MR. FRANCOEUR:  No, objection, your Honor.  I'm

16  skeptical we're going to have a reduced pleading but I

17  agree with you, there's no prejudice, and were -- let's

18  hope that that happens.

19          THE COURT:  Any objection, Mr. -- Ms. O'Leary,

20  sorry?

21          MS. O'LEARY:  No objection, your Honor.

22          THE COURT:  Okay, and how about Mr. Iaconis or

23  Ms. Sullivan?

24          MR. IACONIS:  Assuming this is his best and

25  final complaint, we have no objection.

11

Proceedings

1          THE COURT:  Mr. Saltiel?

2          MR. SALTIEL:  No objection.

3          THE COURT:  Mr. Sheindlin?

4          MR. SHEINDLIN:  Judge, there's no objection,

5   except I didn't receive the amended complaint.

6          THE COURT:  Do you have access to ECF?

7          MR. SHEINDLIN:  Yes.

8          THE COURT:  Well, I would tell you to look on

9   ECF --

10          MR. SHEINDLIN:  Okay.

11          THE COURT:  -- and we'll reiterate that should

12   serve but because it is on ECF, I'm not going to have him

13   reserve --

14          MR. SHEINDLIN:  Oh, I didn't have a problem

15   with that.

16          THE COURT:  -- the --

17          MR. SHEINDLIN:  I didn't -- okay, yes, Judge,

18   is the answer.

19          THE COURT:  It's on 32, it's ECF 32.

20          So generally, Mr. Curtis, its your burden to

21   make sure that everybody is served with the amended

22   complaint.

23          Ms. Bassa, I understand that you're having some

24   difficulty getting mail, and I know this because you've

25   communicated with the pro se office, and I want you to

12

Proceedings

1   know if you're having problems with the mail, you should

2   file something with your local post office or them to

3   investigate it.  That is not something that I could take

4   up here.

5           But let me ask, Ms. Bassa, did you get the copy

6   of the Court's manual?

7           MS. BASSA:  I did.  I finally got the second

8   copy that you sent, but I did not get the amended

9   complaint.

10          THE COURT:  Okay, well again, the amended

11  complaint is going to be superseded by the second amended

12  complaint, and I will direct that Mr. Curtis makes sure

13  you get a copy of that.

14          MS. BASSA:  Thank you.

15          THE COURT:  And if you're having difficulty

16  with your mail, I instruct you to file something at your

17  local post office.

18          MS. BASSA:  Yes, I'm doing that.

19          THE COURT:  It's not something --

20          MS. BASSA:  Thank you.

21          THE COURT:  -- I'm going to be able to

22  investigate, all right?  So I will just ask for the

23  letter motions that I've received which most recently was

24  by Mr. Iaconis on behalf of Mr. Berutti, that's ECF 41 --

25          MR. IACONIS:  Your Honor, if I may?

13

Proceedings

1           THE COURT:  Yes.

2           MR. IACONIS:  I apologize for my lack of PACER

3 savviness but everything that I submit to the Court is on

4 behalf of Mr. Berutti and his law firm, Weiner Law Group,

5 but I can't seem to do that when I'm loading stuff in.  I

6 just wanted to let the Court know that.

7           THE COURT:  Well, of the challenges we're

8 facing, I will (indiscernible) that challenge.  It is

9 noted on the docket that you represent both Mr. Berutti

10 and the Weiner Law Group, and so I would just tell you,

11 even if it doesn't reflect it on the docket, in whatever

12 the filing it, it does reflect it, and so it --

13           MR. IACONIS:  Right, it always gets a --

14           THE COURT:  -- I will not -- yes, I will not

15 treat it as if it's on behalf of one.  I was just going

16 by the ECF filing.

17           MR. IACONIS:  All right.

18           THE COURT:  So on behalf of Berutti and the

19 Weiner Law Group.

20           MR. IACONIS:  Thank you, kindly, your Honor.

21           THE COURT:  So that's (indiscernible) want.

22           On behalf of Mr. Kelson and Kelson PC, Mr.

23 Francoeur, your letter appears at ECF 38.  On behalf of

24 the Larkin defendants, the letter appears at ECF 37, and

25 on behalf of Mr. Saltiel, the -- and the Saltiel Law

14

Proceedings

1    Firm, the letter appears at ECF 34.

2          I am going to mark all of those as denied

3    without prejudice.  I am going to give him a date by

4    which he can file the second amended complaint, and let

5    me be clear, Mr. Curtis, this will be the last

6    opportunity that the Court is affording you to amend the

7    complaint, before I get the defendants to respond to the

8    complaint, and if they're moving against the complaint on

9    the grounds that are set forth in the letters that you've

10   already received, you have notice of what those grounds

11   are.

12         So either you're going to be able to plead to

13   address those grounds, you are an attorney, or as far as

14   some of these claims, they say there would be nothing

15   that you're going to be able to do, but I do want the

16   defendants' counsel to keep in mind what I've said about

17   the local rules, and about what can be considered on a

18   motion to dismiss under Rule 12(b).  You're only going to

19   be able to consider the pleadings, and if there's a

20   motion under Rule 12(c), you can consider things outside

21   the pleadings, but they would have to be things that the

22   Court could take notice of.  It couldn't be that you're

23   asking for summary judgment on a Rule 12 without giving

24   12.1, or 56.2 notice, which is in an abundance of caution

25   because I do note that Mr. Curtis is an attorney, but I

15

Proceedings

1   am pointing you to the rules that relate to pro se

2   litigants, just to make sure on whatever belt and

3   suspenders here.

4          So nobody is going to have to write the same

5   letter.  I would imagine I'm going to give a date by

6   which Mr. Curtis has to serve the amended complaint.

7   I'll have another conference scheduled.

8          Mr. Curtis, I don't want it to be on the day

9   of, you're asking for more time.  I do want you to file

10  by the date that we're going to agree upon, sir, okay?

11         MR. CURTIS:  Yes, your Honor.

12         THE COURT:  And on that date, you'll serve

13  everybody, and if everybody is agreeing to take it by

14  email, that's fine, and if they're not agreeing to take

15  it by email, such as Ms. Bassa has to get served by mail,

16  you'll make sure she gets a copy by mail.

17         And then I'm saying to all of the people who've

18  already filed their letter motions for pre-motion

19  conference requests in accordance with Judge Chen's

20  rules, I'm going to mark them as denied without

21  prejudice, and that you will be able to renew those

22  letter requests by a certain date, and then we'll have

23  the conference, and we'll set the schedule.

24         So I did not receive a pre-motion conference

25  request on behalf of Ms. Bassa or Mr. Sheindlin, but I

Proceedings

1  imagine that at the next conference, if they want to

2  move, that I can consider their requests as well.

3          So Ms. Bassa, if you haven't received the

4  amended complaint by that date, I will that you can

5  contact the pro see office, and I'm hopeful that the mail

6  issue will resolve itself, and I am directing Mr. Curtis

7  to send you a copy at least three days before the

8  deadline, so hopefully you will get it by mail.  I

9  understand you both live in the same building, but I

10 don't want to make him or you have more to do with each

11 other.  I want you to put it in the mail, and if you're

12 having trouble with your mail, as I said, I think that

13 you should raise that to the postmaster at your local

14 post office.

15         Okay, so --

16         MS. BASSA:  Can you tell me when that next date

17 is, please?

18         THE COURT:  Yes, we haven't come up with it

19 yet, Ms. Bassa.

20         MS. BASSA:  Oh, I apologize.

21         THE COURT:  We have not come up with a date.

22         MS. BASSA:  I apologize.

23         THE COURT:  It's okay.  It's okay.  Okay.

24         So Mr. Curtis, what is the reasonable amount of

25 time that you're requesting to have until you file your

Proceedings

1  second amended complaint?  Make sure it's a date that you

2  could live within.  I do not want to set the conference

3  date, and have you ask for more time like what happened

4  on June 11th.

5          MR. CURTIS:  I -- you can pick a date that's

6  convenient to you, your Honor.  I -- 30 days is fine from

7  today, or --

8          THE COURT:  Okay.  So 30 days form today gets

9  us to the end of July.  So I'll pick a date by which time

10 everybody will receive the second amended complaint.

11 that's what you're saying is reasonable?  I could

12 accommodate that, sir.

13         MR. CURTIS:  Tank you, your Honor.

14         THE COURT:  Okay.  So today is June 25th, and I

15 am going to say that everyone will have your amended

16 complaint in hand --

17         UNIDENTIFIED SPEAKER:  Hello?  Hello?

18         THE COURT:  Yes, Ms. Bassa?  Ms. Bassa?

19 Whoever is on the line --

20         UNIDENTIFIED SPEAKER:  (Indiscernible).

21         THE COURT:  -- excuse me?

22         So I am saying that Mr. Curtis' second amended

23 complaint will be due to be filed in court by the 25th of

24 -- by the -- I'm sorry, by the 27th of July.  So by July

25 27th --

Proceedings

1          MS. MASSIER:  Hello, this is Deborah Massier

2     (ph.) on behalf of Edward Painter.

3          THE COURT:  Ms. Massier, I'm on another

4     conference with other people.

5          MS. MASSIER:  Oh.

6          THE COURT:  We are handling the Court's

7     calendar as if we were in the courtroom.  I'm sorry.

8     You're going to have to standby.  I will get to your

9     proceeding as soon as I conclude the prior.

10          MS. MASSIER:  No problem, ma'am.  I'm waiting.

11          THE COURT:  Okay.  So I am setting the deadline

12     for the second amended complaint at July 27th.  Mr.

13     Curtis, that means that it must be in everybody's hands

14     by that date, so you have to send it to Ms. Bassa by the

15     23rd.

16          MS. BASSA:  Yes, July 23rd --

17          THE COURT:  Do you understand?

18          MS. BASSA:  July 23rd at what time?  I'm sorry,

19     I got cut off.

20          THE COURT:  No, no, no, Ms. Bassa.

21          MS. BASSA:  Yes.

22          THE COURT:  That is the date that he has to

23     send you the second amended complaint.

24          MS. BASSA:  Yes, okay, that's fine.

25          THE COURT:  That's not a date for you to come

19
Proceedings

1   on the phone.

2              MS. BASSA:  All right.

3              THE COURT:  And so he has to send it to you by

4   that date, so that you will receive it by July 27th.

5              MS. BASSA:  Okay.

6              THE COURT:  Okay?

7              MS. BASSA:  Yes.

8              THE COURT:  And then to obviate the need for

9   everybody to have to jump to respond, I can put on a

10  conference for July 30th, if that works for everybody.

11  Let me just ask --

12             MS. BASSA:  Yes.

13             THE COURT:  -- Mr. Curtis, would you be

14  available for an 11 o'clock conference on July 30th, sir?

15             MR. CURTIS:  Yes, your Honor.  I am.

16             THE COURT:  And Ms. Fyman, on behalf of your

17  clients, would you be available on July 30th at 11?

18             MS. FYMAN:  Yes, your Honor.

19             THE COURT:  Mr. Francoeur?

20             MR. FRANCOEUR:  Yes, your Honor, and I

21  apologize, I have a question.  Would we need to do a pre-

22  motion letter before that conference or no?

23             THE COURT:  I think that you're just going to

24  write a very short letter, so it appears on the docket

25  saying that you are renewing your requests to move to

20

Proceedings

1  dismiss.

2          MR. FRANCOEUR:  Okay, thank you.

3          THE COURT:  So you don't have to write

4  everything that was in the prior letter that I am ruling

5  on today is denied without prejudice.  You could say that

6  there are other grounds that you'd like to raise but I

7  don't need the same three-page letter, okay?

8          MR. FRANCOEUR:  I appreciate that.  Thank you.

9          THE COURT:  Okay.  And Ms. O'Leary, is 11

10 o'clock on the 30th going to work for you?

11         MS. O'LEARY:  Yes, it is.  Thank you, your

12 Honor.

13         THE COURT:  Okay.  And how about for you, Mr.

14 Iaconis and Ms. Sullivan?

15         MR. IACONIS:  Yes, thank you, your Honor.

16         THE COURT:  And how about for you, Mr. Saltiel?

17         MR. SALTIEL:  Your Honor, that does not work

18 for me.  I'm scheduled to be away from July 30th until

19 August 2nd, and my other concern was the time involved to

20 review the amended complaint.  I would need -- even if I

21 was available, I would still would request more than

22 three days to review it to analyze what changes took

23 place on there, which I think would take more than a few

24 days, given schedules.

25

21

                         Proceedings

1               THE COURT:  And when are you getting back, sir?

2               MR. SALTIEL:  I am getting back -- I am out

3    until the 3rd.  So I will back on the 4th.  That's of

4    course, if I am able to travel but we don't know at this

5    point.

6               THE COURT:  So you're asking me to hold the

7    conference the week of August 10th instead?

8               MR. SALTIEL:  I -- yes, yes, for that reason

9    plus the reason to be able to review it since it might be

10   voluminous.

11              THE COURT:  Okay.  I realize that it was by the

12   time I heard from Ms. Fyman, Mr. Francoeur, Ms. O'Leary,

13   and Mr. Iaconis, that Mr. Saltiel raised this, but I'm

14   not opposed at putting it on the week of August 10th.

15              Mr. Curtis?

16              MR. CURTIS:  Yes.

17              THE COURT:  If I put it on for August 11th at

18   11 o'clock, will that work for you?

19              MR. CURTIS:  Yes, your Honor.

20              THE COURT:  And that will give everybody more

21   time to review the amended complaint, but I will again

22   say as I said to you, sir, I (indiscernible) that I don't

23   need a full briefing on all the grounds that you're going

24   to move to dismiss for.  You could renew your prior

25   letter, and state other grounds if you wish to.

22

Proceedings

1        Can I ask down the list, Ms. Fyman, if I put it

2   on at 11 o'clock on August 11th -- let me go backwards

3   this time.

4        Ms. Bassa, 11 o'clock on the 11th, will that

5   work fo you?  Ms. Bassa?

6        MS. BASSA:  Yes, that works for me.  Sorry, you

7   were on mute.  Sorry.

8        THE COURT:  It's okay.  Mr. Sheindlin?

9        MR. SHEINDLIN:  Yes, Judge, that's fine.

10       THE COURT:  And back to you, Mr. Saltiel?

11       MR. SALTIEL:  Good for me.

12       THE COURT:  And for you, Mr. Iaconis and Ms.

13  Sullivan?

14       MR. IACONIS:  Yes, both of us, your Honor.

15       THE COURT:  Okay, Ms. O'Leary?

16       MS. O'LEARY:  That's fine.

17       THE COURT:  Mr. Francoeur?

18       MR. FRANCOEUR:  Yes, your Honor.

19       THE COURT:  Ms. Fyman?

20       MS. FYMAN:  Yes, your Honor.

21       THE COURT:  Okay.  So if Mr. Curtis has served

22  his second amended complaint, I'm giving him a month as

23  he requested, everybody should be able to get it in hand

24  by the time of the next conference, which is the 11th,

25  August 11th at 11 o'clock by telephone, same access code,

23

Proceedings

1   but it will be part of the order.

2           I want everybody to understand that if they're

3   going to be moving, I know they asked for 60 days in the

4   letter that was presently given to, but I'm hopeful we

5   won't need 60 days to move, I understand that the

6   pandemic has put a lot of things that have been at our

7   fingertips, not at our fingertips, but it's not going to

8   be so very different than the first iteration, and the

9   second iteration.

10          Hopefully, it will be better.  It will be more

11  succinct, and to the point, but you already have some

12  idea of what Mr. Curtis' second amended complaint is

13  going to say.

14          So I am hopeful that at the outside, you're

15  going to ask for 45 days, not 60 days, and I'll give him

16  the same amount of time that I give you.  Does everybody

17  understand what I'm saying?

18          MS. FYMAN:  Yes.

19          MR. IACONIS:  Yes, your Honor.

20          MS. O'LEARY:  Yes, your Honor.

21          MR. IACONIS:  This is Anthony Iaconis, your

22  Honor.

23          THE COURT:  Yes, Mr. Iaconis?

24          MR. IACONIS:  I appreciate the Court's position

25  on that, and will endeavor to do our best to get this

24

Proceedings

1  thing done in the time that we're given, but our offices

2  are going to be moving at the last week of August into a

3  different building, and it's going to through a little

4  bit of moneky wrench into us in terms of technology and

5  staff -- staffing, but I just want to let the Court know

6  that up front, but we will do our best.

7          THE COURT:  Well, all I'm saying Mr. Iaconis,

8  is we're all challenges because of the pandemic, I'm not

9  in the courthouse, you're not in your office, but your

10 office is moving.  Again, I'm telling you that you have

11 an opportunity here because even though I don't want you

12 to write the motion to the complaint that you already

13 have since he's going to amend it and replace it, I'm

14 saying that the events that happened are not going to

15 have changed.  Your position on why this shouldn't go

16 forward is not going to be so different, and that you

17 should start building that into your calendar now, okay?

18 And that goes to everybody.

19         You know, look, I am trying to accommodate

20 everybody's interest to (indiscernible) and move the

21 case.  I wanted it to have it the same (indiscernible)

22 filing, yet (indiscernible).  Mr. Saltiel's going away,

23 hopefully he will.  Hopefully we'll all be able to go

24 away somewhere, but I do want to get this set up and not

25 have it hanging out there without a schedule.

25

Proceedings

1          So Mr. Curtis, you understand you're being

2    given one last opportunity to file a second amended

3    complaint.  It will be filed with the Court by July 27th,

4    and I told you that you must mail it by the 23rd to Ms.

5    Bassa, so that she could receive it in time.

6          Everybody else, you'll make your own

7    (indiscernible) for how it's served.  As I've said to

8    you, Ms. Saltiel, you'll look on the Court's ECF on the

9    27th, and you'll see that his complaint is filed.  It's

10   just that Ms.  Bassa's representing herself, and doesn't

11   have access to ECF.

12          So the Court is denying without prejudice ECF

13   34, 37, 38, 41, and resetting a last opportunity for Mr.

14   Curtis to file an amended pleading.  It will be his

15   second amended complaint.  It will completely replace the

16   amended complaint that was just filed in the original

17   pleading.

18          I am warning you, Mr. Curtis, that if you look

19   at Rule 8, and you look at your pleading, they do not get

20   along well.  You need to comply with Federal Rule of

21   Civil Procedure 8, and you need to do your best to pare

22   it down, give notice pleadings, support whatever your

23   pleadings are, but don't get into every minute detail of

24   everything that happened, and give us only the documents

25   that you think support your claim because again, I don't

26

Proceedings

1  know what the defendants will do but the likelihood is,

2  they will be moving to dismiss.

3          And so no response to the amended complaint

4  will be due before our next conference.  Nobody needs to

5  ask for a stay to respond.  If you are going to move to

6  dismiss, I would like a letter indicating that.  That

7  goes for Mr. Sheindlin, I believe you were the only one

8  that I didn't get a letter from, but if there's somebody

9  else that I'm missing that I didn't get a letter from,

10  you should write, and just say what your intention is.

11          Ms. Bassa, I relieve you of that obligation.

12  You can just tell me at the conference on August 11th.

13          Anything else today, Mr. Curtis, before we

14  adjourn?

15          MR. CURTIS:  That's fine, your Honor.

16          THE COURT:  Anything further, Ms. Fyman?

17          MS. FYMAN:  No, your Honor.

18          THE COURT:  Anything further, Mr. Francoeur?

19          MR. FRANCOEUR:  No, your Honor.  Thank you.

20          THE COURT:  Ms. O'Leary?

21          MS. O'LEARY:  No, your Honor.

22          THE COURT:  Mr. Iaconis or Ms. Sullivan?

23          MR. IACONIS:  No, thank you very much, your

24  Honor.  Have a good day.

25          THE COURT:  Mr. Saltiel?

27

Proceedings

1          MR. SALTIEL:  No, your Honor.

2          THE COURT:  Mr. Sheindlin?

3          MR. SHEINDLIN:  No, your Honor.  Thank you.

4          THE COURT:  Ms. Bassa?

5          MS. BASSA:  Yes.

6          THE COURT:  Ms. Bassa, did you have something

7    else you needed to address?

8          MS. BASSA:  No, that was it.  Thank you.  I'm

9    fine.

10          THE COURT:  Very good.  Then this matter is

11    adjourned --

12          MS. BASSA:  Thank you.

13          THE COURT:  -- until August 11th at 11 a.m. by

14    telephone.  I wish everybody good health until then.  The

15    matter is adjourned.  Thank you.

16                    (Matter Concluded)

17                         -o0o-

18

19

20

21

22

23

24

25

28

1

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **28th** day of **June**, 2020.

Linda Ferrara

AAERT CET 656

Transcriptions Plus II, Inc.