UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------X Docket#
CURTIS,                       : 20-cv-00824-PKC-LB
            Plaintiff,        :
      - versus -             : U.S. Courthouse
                              : Brooklyn, New York
                              :
GREENBERG, et al.,           : August 11, 2020
            Defendants        : 1:35 PM
------------------------------X
```

TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
BEFORE THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE

**A P P E A R A N C E S:**

**For the Plaintiff:**          **Wilfred Robert Curtis, Esq.**
                                1190 Bedford Avenue,
                                Apt. 4B
                                Brooklyn, NY 11216

**For Defendant Larkin,**       **David Wilk, Esq.**
**Larkin, Ingrassia &**         Rivkin Radler LLP
**Tepermayster, LLP:**          926 Rxr Plaza
                                Uniondale, NY 11556

**For Defendant Kelson,**       **Joseph L. Francoeur, Esq.**
**Todd A. Kelson PC:**          Wilson Elser
                                150 East 42nd Street
                                New York, NY 10017

**For Defendant Mishael**       **Erin Anne O'Leary, Esq.**
**Pine:**                       Lewis Brisbois
                                77 Water Street
                                Ste 2100
                                New York, NY 10005

**For Defendant Berutti,**      **Anthony J. Iaconis, Esq.**
**Weiner Law Group, LLP:**      **Danielle Sullivan, Esq.**
                                Diserio Martin O'Connor
                                & Castiglioni, LLP
                                One Atlantic Street
                                Stamford, CT 06901

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**APPEARANCES** (Cont'd):

| | |
|---|---|
| **For Defendant Saltiel,** | **Jeffrey L. Saltiel, pro se** |
| **Wenig, Saltiel, LLP:** | **Howard S. Bonfield, Esq.** |
| | Wenig Saltiel LLP |
| | **26 Court Street** |
| | **Suite 1200** |
| | **Brooklyn, NY 11242** |
| | |
| **For Defendant Sheindlin** | **Gregory Sheindlin, pro se** |
| **& Sheindlin Law Office:** | **Sheindlin & Sullivan, LLP** |
| | 350 Broadway |
| | New York, NY 10013 |
| | |
| **For defendants Greenberg** | **Andrew Janof, Esq.** |
| **Yeung & Wang:** | Winget, Spadafora & |
| | Schwartzberg, LLP |
| | 45 Broadway |
| | 32nd Floor |
| | New York, NY 10006 |
| | |
| **For Defendant Bassa:** | **Niloufer Bassa, pro se** |
| | 1190 Bedford Avenue, Apt.# 2B |
| | Brooklyn, NY 11216 |
| | |
| **Transcription Service:** | **Transcriptions Plus II, Inc.** |
| | 61 Beatrice Avenue |
| | West Islip, New York 11795 |
| | laferrara44@gmail.com |

Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

3

Proceedings

1            THE CLERK:  Civil Cause for a Telephone

2    conference, docket number 20-cv-824, Curtis v. Greenberg,

3    et al.

4            Will the parties please state your names for

5    the record.

6            MR. CURTIS:  Robert Curtis, plaintiff.

7            MR. JANOF:  This is Andrew Janof of the law

8    firm of Winget, Spadafora & Schwartzberg, on behalf of

9    the law office of Yeung & Wang, PLLC, and Teresa

10   Greenberg, Esquire.

11           MR. WILK:  This is David Wilk with Rivkin

12   Radler for defendant William Larkin, and Larkin

13   Ingrassia, et al.

14           MR. FRANCOEUR:  Good morning.

15           Joseph Francoeur from Wilson Elser on behalf of

16   the Kelson defendants.

17           MS. O'LEARY:  Good morning, your Honor.

18           Erin O'Leary of Lewis Brisbois on behalf of

19   defendant Michelle Pine.

20           MR. IACONIS:  This is --

21           MR. SALTIEL:  Good morning.

22           Jeffrey Saltiel and Howard Bonfield on behalf

23   of Jeffrey Saltiel, and Wenig, Saltiel, and Saltiel, LLP.

24           MR. IACONIS:  That was supposed to be me.

25           MR. SALTIEL:  I'm sorry.

4

                        Proceedings

1          MR. IACONIS:  Anthony Iaconis and Danielle

2    Sullivan from Diserio Martin on behalf of Curtis -- I'm

3    sorry, Ronald Berutti and the Weiner Law Group.

4          MR. SHEINDLIN:  Gregory Sheindlin on behalf of

5    myself, and the Sheindlin Law firm.

6          THE CLERK:  Ms. Bassa?

7          MS. BASSA:  This is pro se defendant Ms. Bassa.

8          THE CLERK:  The Honorable Lois Bloom presiding.

9          THE COURT:  Good morning, Mr. Curtis, Mr.

10   Janof, Mr. Wilk, Mr. [Fran-kara] -- I keep saying it

11   wrong.  Please say it one more time for me.

12         MR. FRANCOEUR:  It's [Frank-core], your Honor.

13   Thank you.

14         THE COURT:  Mr. Francoeur, Ms. O'Leary, Mr.

15   Iaconis, and Ms. Sullivan, and I will note that Mr.

16   Saltiel cannot hold his place in line properly, Mr.

17   Bonfield and Saltiel, you jumped ahead of Mr. Iaconis --

18   no harm done but just wait your turn.

19         MR. SALTIEL:  Guilty as charged.

20         THE COURT:  Mr. Sheindlin and Ms. Bassa.

21         MR. SALTIEL:  Guilty as charged.  I'm sorry.

22         THE COURT:  Yes, guilty as charged is right.

23         This is a telephone conference in plaintiff's

24   action alleging that six attorneys, together with a non-

25   attorney, participated in a conspiracy to take

5

Proceedings

1   approximately $7 million from plaintiff from

2   approximately 2016 through the present.

3           I last spoke to all of the parties at a

4   conference on June 25th.  At that conference, I directed

5   plaintiff to file his amended complaint by July 27th.

6           Since that time, Mr. Janof has appeared for

7   Teresa Greenberg and the Law Office of Yeung & Wang, and

8   so now all defendants have appeared in this action.

9           I have presently before me one, two, three,

10  four, five, six -- seven pre-motion conference request

11  letters which Judge Chen has said that I can set the

12  deadlines for the motion.  So that will be done today.

13          I, likewise, have a letter motion for Mr.

14  Curtis regarding a request to produce insurance policies.

15          Ms. Bassa, I want whatever schedule is entered

16  today on behalf of all of the defendants who have written

17  to the Court, I want you to observe the same schedule,

18  Ms. Bassa, and --

19          MS. BASSA:  Okay.

20          THE COURT:  -- you are not held to put it in

21  strict legalese, but again, since they are moving to

22  dismiss, you should join in their motions, and you should

23  put in papers on your own behalf.

24          Do your best --

25          MS. BASSA:  How do I do that?  How do I do

6

Proceedings

1    that?

2            THE COURT:  You do it in writing, and you send

3    it to --

4            MS. BASSA:  Okay.

5            THE COURT:  -- the court by the date that we

6    set.  That's all.

7            MS. BASSA:  And can I do that by email to the

8    clerk's office?

9            THE COURT:  The clerk's office, to that pro se

10   address that we've given you?

11           MS. BASSA:  Yes, yes.

12           THE COURT:  Yes.

13           MS. BASSA:  Yes.

14           THE COURT:  Yes.

15           MS. BASSA:  Oh, thank you very, very much.

16   Thank you.

17           THE COURT:  Okay.

18           MS. BASSA:  Thank you.

19           THE COURT:  So again, Ms. Bassa, all of the

20   defendants who are represented by counsel have asked to

21   move to dismiss the amended complaint.  And Mr. Curtis

22   did acknowledge that you were served with two different

23   versions of the amended complaint, but from whatever his

24   letter said as confusing as it was, it seems to say that

25   it doesn't really matter which one you respond to, but I

7

Proceedings

1   will tell you that his amended complaint is filed at ECF

2   52 on the docket.  Mr. Curtis --

3           MS. BASSA:  Okay, I found it -- I just found

4   all of this bewildering, so I'm just going to follow with

5   whatever -- I couldn't make heads or tails of it.  It was

6   all just a bit all over the place.  So I'm just going to

7   move to dismiss like everybody else.

8           THE COURT:  That's correct.  You're entitled to

9   do that.  Okay?

10          MS. BASSA:  Thank you.  Thank you.

11          THE COURT:  Okay.  So look, Mr. Curtis, you did

12  write a nice --

13          MS. BASSA:  Can I just say something else?  I

14  also did not receive anything by mail, as you instructed

15  him strictly to do.

16          THE COURT:  Well again, I'm never going to make

17  it so that you and Mr. Curtis get along, since you're

18  living in the same --

19          MS. BASSA:  We don't, yeah.

20          THE COURT:  -- building, I think it's almost

21  better that you just deal through the Court.

22          MS. BASSA:  Right, exactly.

23          THE COURT:  So as long as you have it, let's

24  not make it any more difficult here.

25          MS. BASSA:  Okay.

8

Proceedings

 1          THE COURT:  As long as you have it, the

 2   amended --

 3          MS. BASSA:  Yeah, I don't want to deal with

 4   him.  Yes, I just don't want to deal with him.

 5          THE COURT:  -- and you can work from it, let's

 6   just go from there, okay?

 7          MS. BASSA:  Okay.  Thank you very much.  I

 8   appreciate it.

 9          THE COURT:  Sure.

10          MS. BASSA:  Thank you.

11          THE COURT:  Okay.  So for the Janof -- Mr.

12   Janof, for the Greenberg and Yeung defendants, you were

13   asking for time to make a motion to dismiss.

14          MR. JANOF:  Correct.

15          THE COURT:  Have you spoken to Mr. Wilk, Mr.

16   Francoeur, Ms. O'Leary, Mr. Iaconis, Mr. Bonfield, Mr.

17   Sheindlin, about a schedule?

18          MR. JANOF:  I have not.

19          THE COURT:  Okay.  So look, my purpose here

20   today is to get everybody on the same schedule.  Mr.

21   Curtis, that will make your life easier.  It will make

22   the defendant's lives easier, and it will certainly make

23   Judge Chen's life easier.  And we don't need life to be

24   made more difficult.

25          The lawsuit, you're entitled to proceed, but

9

Proceedings

1   just as you're entitled to bring a lawsuit, they're

2   entitled to defend against the lawsuit.  Let me say to

3   all of the defendants, remember, on a motion to dismiss,

4   you have to stay within the four corners of the

5   pleadings, but because Mr. Curtis has attached so many

6   documents to his complaint, those are within the four

7   corners of the pleadings.

8           Does everybody understand what the Court is

9   saying here?

10          MS. BASSA:  Yes, I do.

11          UNIDENTIFIED SPEAKER:  Yes.

12          MR. JANOF:  Yes, your Honor.

13          THE COURT:  In other words, you are supposed to

14   attach your own affidavits or affirmations which will

15   raise factual matters.  You're supposed to work from what

16   the complaint is.  That's what a motion to dismiss does.

17          If it's under 12(c), a motion on the pleadings,

18   sometimes you can move beyond the four corners, but if

19   it's a 12(b)(6) motion, you are within the four corners

20   of the pleadings.

21          Mr. Janof, you understand what I'm saying

22          MR. JANOF:  Yes, your Honor.

23          THE COURT:  Mr. Wilk, you understand?

24          MR. WILK:  Yes, your Honor.

25          THE COURT:  Mr. Francoeur?

10

Proceedings

1           MR. FRANCOEUR:  Yes, your Honor.

2           THE COURT:  Ms. O'Leary.

3           MS. O'LEARY:  Yes, your Honor.

4           THE COURT:  Mr. Iaconis or Ms. Sullivan?

5           MR. IACONIS:  We do.  Yes, your Honor.

6           THE COURT:  Mr. Bonfield?

7           MR. BONFIELD:  Yes, your Honor.  Yes, your

8   Honor.

9           MR. SHEINDLIN:  Yes, your Honor.

10          THE COURT:  The reason why I'm doing it in this

11  fashion is because I don't want different people to start

12  adding their own exhibits, and their own declarations.

13  Then you're converting it to a motion for summary

14  judgment under Rule 56, and even though plaintiff is an

15  attorney, I am just alerting you that there is a special

16  notice required when a plaintiff is pro se, and it's 12.1

17  of the Local Rules, and it's 56.2 of the Local Rules.

18          Now again, since Mr. Curtis is representing

19  himself, but he's a lawyer, generally, the Court does not

20  give his pleadings the liberal construction that are

21  afforded to a pro se litigant.  But since the local rules

22  talk about someone being pro se, and do not differentiate

23  between a lawyer and a nonlawyer, I'm alerting you to

24  these rules, because I do think that it's for you to

25  decide whether you give him the special notice under

Transcriptions Plus II, Inc.

11

Proceedings

1   12.1.  Okay?

2          So Mr. Curtis, every defendant has stated that

3   they intend to move to dismiss your amended complaint,

4   sir.  Do you understand that?

5          MR. CURTIS:  I do, your Honor.

6          THE COURT:  And so my purpose today is to set a

7   schedule that will meet everybody's needs including

8   yours, because once they oppose -- once they file their

9   motion, you are entitled to oppose the motion, and then

10  only on the day that the reply is due, will the fully-

11  briefed motion be filed.

12          Do you understand what I just said, Mr. Curtis?

13          MR. CURTIS:  I do, your Honor.

14          THE COURT:  So in other words, I am staying any

15  response to the amended complaint, and setting a schedule

16  for the defendants to move, and the motion will be made

17  on the same day, so you'll receive everybody's motion

18  papers, they'll serve it on you, and if you can agree to

19  accept it by email, that would probably make everybody's

20  life easier, and then on a date certain, you'll have to

21  oppose that motion, and again, you'll serve that on

22  everybody on the same date.

23          and if you want to, Mr. Curtis, you can make it

24  into one document.  You don't have to repeat for Mr.

25  Janof's clients, what you're going to say, (audio

12

Proceedings

1  interference) the same for Mr. Francoeur's client.

2          So if you want one consolidated opposition of

3  all of the defendants' motions, you can do that, or you

4  can file individual oppositions but again, sir, in

5  reading just your letter motion to produce the policy

6  regarding CNA, you make things quite confusing for

7  yourself, and for others.

8          So I would say it's probably a better idea if

9  you try to do one consolidated opposition, and you break

10 it down by each of the different defendants, and you

11 address each of their motion in one consolidated

12 document.

13          Do you understand, Mr. Curtis?

14          MR. CURTIS:  I do, your Honor.

15          THE COURT:  Okay.  And then there will be one

16 date for everybody to reply, and on that reply date,

17 everybody is going to file their parts of the motion.

18 I'm going to ask somebody --

19          Well, Ms. Bassa, if you could do yours through

20 the pro se email address.

21          MS. BASSA:  Okay, thank you.  I will do that,

22 your Honor.

23          THE COURT:  Okay.  Everybody has turn on their

24 mute when they're not speaking.  Somebody has a very loud

25 background noise.  Thank you.

13

Proceedings

1          Okay.  Who wants to be heard on what the

2     schedule should be for the motion to dismiss, that all

3     defendants are going to have to abide by, of course it

4     would've made my life easier if the defendants' attorney

5     could've spoken before this conference, but in lieu of

6     that, we'll discuss this now.

7               Who wants to be heard?  Everybody wants me just

8     to set the schedule?  Okay.  Nobody wants me --

9               MS. BASSA:  Yes, please.

10              THE COURT:  Okay.  Nobody wants to be heard on

11    this.  That's a first.  I would imagine that because this

12    is a 100-and -- I think it's 110-page document plus

13    exhibits that you would want until September to make your

14    motions, is that correct?

15              UNIDENTIFIED SPEAKER:  Yes.

16              UNIDENTIFIED SPEAKER:  Yes, your Honor.

17              MS. O'LEARY:  Yes, your Honor.  This is --

18              UNIDENTIFIED SPEAKER:  That's fair, your Honor.

19              THE COURT:  Ms. O'Leary, you wanted to be

20    heard?

21              MS. O'LEARY:  Yes, good morning, your Honor.

22    Erin O'Leary for defendant Michelle Pine.

23              Just given the scope of the complaint, and the

24    work that's going to go into the motion to dismiss, I

25    would just request, if we're talking September dates, the

14

Proceedings

1   absolute latest in September, and preferably, if we could

2   get 45 days, like the beginning of October, that would be

3   my --

4                THE COURT:  Is there any opposition --

5                MS. O'LEARY:  -- request to file the motion to

6   dismiss.

7                THE COURT:  -- to giving the parties until

8   early October.  Mr. Curtis, do you oppose that?

9                MR. CURTIS:  I do not, your Honor.

10               THE COURT:  Okay.  So why don't we say October

11  5th, which is a Monday, 10/5.  Does anybody from the

12  defendants need to be heard or is that date acceptable to

13  all defendants?  Mr. Janof?

14               MR. JANOF:  That's acceptable, your Honor.

15               THE COURT:  Mr. Wilk?

16               MR. WILK:  That's acceptable, your Honor.

17               THE COURT:  Mr. Francoeur?

18               MR. FRANCOEUR:  That's acceptable, your Honor.

19               THE COURT:  Ms. O'Leary, I'm giving you what

20  you asked for, so hopefully it's acceptable to you.

21               MS. O'LEARY:  It is, thank you.

22               THE COURT:  Mr. Iaconis and Ms. Sullivan?

23               MR. WILK:  Yes, thank you, your Honor.

24               THE COURT:  Mr. Bonfield and Mr. Saltiel?

25               MR. JANOF:  It's acceptable.

15

Proceedings

1          THE COURT:  Mr. Sheindlin?

2          MR. SHEINDLIN:  Acceptable.  Thank you.

3          THE COURT:  And Ms. Bassa, you're going to move

4   by that same date, okay?

5          MS. BASSA:  Yes, I am.  Thank you, your Honor.

6          THE COURT:  Okay.  So now Mr. Curtis, how long

7   from October 5th when you're going to be served with

8   this, it's not going to be filed on that day, it's going

9   to be served on you, and if you give them all the

10  approval, they will serve it on you by email.  If you

11  don't give them approval, then it's going to have to come

12  by regular mail.

13          What is your druthers, sir?

14          MR. CURTIS:  I can be served by email.

15          THE COURT:  Okay.  So everybody has been given

16  permission to serve Mr. Curtis at his email address.  Mr.

17  Curtis, do they all have your proper email address, sir?

18          MR. CURTIS:  I believe they do.

19          THE COURT:  Is it on the docket, sir?

20          MR. CURTIS:  Yes.

21          THE COURT:  So everybody can serve Mr. Curtis

22  at Robert.Curtis1943@gmail.com.  Is that correct, Mr.

23  Curtis?

24          MR. CURTIS:  Yes, your Honor.

25          THE COURT:  Very good.  Okay.  So I imagine you

Proceedings

1    would like the same amount of time, Mr. Curtis.

2            MR. CURTIS:  I would.

3            THE COURT:  So about 45 days?

4            MR. CURTIS:  Yes.

5            THE COURT:  Okay.  So 45 days, would put us to

6    November 16th.  Will that work for you?

7            MR. CURTIS:  Yes.

8            THE COURT:  So November 16th will be the date

9    for opposition papers, and again, I would like everybody

10   to approve that he gets to serve by email.  Mr. Janof,

11   can he serve you by email with his opposition papers?

12           MR. JANOF:  Yes, your Honor.

13           THE COURT:  Mr. Wilk?

14           MR. WILK:  Yes, your Honor.

15           THE COURT:  Mr. Francoeur?

16           MR. FRANCOEUR:  Yes, your Honor.

17           THE COURT:  Ms. O'Leary?

18           MS. O'LEARY:  Yes, your Honor.

19           THE COURT:  Mr. Iaconis and Ms. Sullivan?

20           MR. IACONIS:  Yes, of course, your Honor.

21           THE COURT:  Mr. Bonfield and Mr. Saltiel?

22           MR. SALTIEL:  Yes, your Honor.

23           THE COURT:  Mr. [Shin-lin] -- Sheindlin, sorry.

24           MR. SHEINDLIN:  That's fine.  Yes, your Honor.

25           THE COURT:  And Ms. Bassa, can he serve you by

17

Proceedings

1   email?

2          MS. BASSA:  Yes, that's fine.  Thank you.

3          THE COURT:  Okay.  So everybody is on board.

4   Opposition by 11/16.

5          Now reply. I would imagine that everybody needs

6   two weeks after the opposition or three weeks, to then

7   file the fully-briefed motion.  Does that sound

8   acceptable?

9          I'll go to you, Ms. O'Leary, would three weeks

10  from November 16th be acceptable for filing the fully-

11  briefed motion?

12         MS. O'LEARY:  Yes, your Honor.

13         THE COURT:  That puts us to December 7th.

14  12/7/20, the fully-briefed motion will be filed.  That

15  means that any reply papers, and that means that your

16  opposition, and your motion will all be filed on the same

17  day.  So again, all of the defendants; attorneys will be

18  in charge of filing their portion of the motion, and Mr.

19  Curtis, you will in charge of filing your opposition to

20  the motion, and they will file their reply, all on that

21  same day, December 7th, 2020.

22         Do you understand that, Mr. Curtis?

23         MR. CURTIS:  Yes, your Honor.

24         THE COURT:  So before that day, everybody is

25  just exchanging their papers, but on 12/7, and Ms. Bassa,

18

Proceedings

1   your papers on 12/7 will be filed at that pro se address.

2          MS. BASSA:  Can I do it before that date, or it

3   has to be specifically on that date?

4          THE COURT:  Well again, their motion is not

5   going to be filed before that date.  So if you're filing

6   your opposition before that date, it's not going to be

7   read with the other papers.  So to the best of your --

8          MS. BASSA:  I see.

9          THE COURT:  -- it should be filed on that date.

10  Do you understand, Ms. Bassa?

11         MS. BASSA:  Yes, so December 7th?

12         THE COURT:  Yes, but --

13         MS. BASSA:  12/7.

14         THE COURT:  -- you have to serve your

15  opposition -- I'm sorry, you have to serve your motion,

16  whatever it is going to be, you have to serve it on Mr.

17  Curtis by October 5th.

18         MS. BASSA:  I see, and that's the motion to

19  dismiss; is that right?

20         THE COURT:  That's correct.

21         MS. BASSA:  Okay.

22         THE COURT:  So all that you make sure of is

23  this, you make sure that it's captioned for this case, so

24  the docket number and Curtis v. Greenberg with 20-cv-824,

25  you should write in the caption, that this is defendant

Proceedings

1   Bassa's motion to dismiss the amended complaint, and then

2   list whatever your reasons are, okay?  And sign it.

3           MS. BASSA:  Okay.

4           THE COURT:  And send it to --

5           MS. BASSA:  Thank you.

6           THE COURT:  -- (audio interference) by email,

7   but keep a copy for yourself, send it to him by email, on

8   October 5th.

9           MS. BASSA:  Okay.

10          THE COURT:  And file it with the Court on

11  December 7th.

12          MS. BASSA:  Okay.  I will do it that.

13          THE COURT:  And if his papers, his opposition

14  papers, say things about you that you want to respond to,

15  you can add that to whatever you file with the Court, so

16  that when you file on 12/7/20, you'll give whatever

17  motion to dismiss was that you served on him October 5th,

18  plus any reply, and again, it should say defendant

19  Bassa's reply.  Okay, Ms. Bassa?

20          MS. BASSA:  Yeah, it's -- it's very confusing.

21  I'm -- I'm sorry, I'm just not up to, you know, snuff

22  (indiscernible) --

23          THE COURT:  Well, again, it isn't all that

24  confusing, and I really am taking this time to try to

25  help you, that you're going to do a motion to dismiss --

20

Proceedings

1          MS. BASSA:  Yeah, I appreciate that.

2          THE COURT:  -- on October 5th, and you're going

3 to send that to his email address, keeping a copy for

4 yourself.  You will not file it with the Court until

5 December 7th.

6          MS. BASSA:  I see, okay.

7          THE COURT:  And if you have anything you want

8 to add on December 7th, you may do so, and then on

9 December 7th, you're going to file both what you served

10 on him October 5th, plus any reply you may have.  So

11 again, both of those can be sent to the pro se address.

12          MS. BASSA:  Okay, great.  Thanks very much.

13 Thank you.

14          THE COURT:  But keep copies for your own

15 records, okay?

16          MS. BASSA:  Yeah, I'll have it in my email.

17 Thank you.

18          THE COURT:  Okay, very good.

19          All right, so that takes care of the ECF's 53,

20 54, 55, 57, 58, 59 and 60.  We're granting the pre-motion

21 conference request.  We're setting the schedule today.

22          Does anybody want to be heard on Mr. Curtis'

23 motion to produce the policy, something to do with CNA as

24 the carrier for Bushman (ph.)?  Does anybody want to be

25 heard on that motion?

21

Proceedings

1    MS. O'LEARY:  Yes, your Honor.  This is Erin

2  O'Leary for defendant Pine.

3    Mr. Curtis sent me an email making this inquiry

4  about who was retained by CNA, because he foresees that

5  there may be a conflict because of the Bushman matter.  I

6  responded by email saying that I did not know what the

7  Bushman matter was, and he responded to say that it had

8  something to do with one of the defendants who failed to

9  prosecute that case.

10    However, that does not give me any information

11  as to what Bushman is, and how it relates to this claim,

12  or my representation of Ms. Pine.  So I cannot even, at

13  this point, advise -- evaluate whether there's a

14  potential conflict.

15    So I would request that Mr. Curtis before your

16  Honor advises, what the issue is in the Bushman matter.

17  I don't know what that means, and what conflicts he

18  perceives exists.

19    THE COURT:  Mr.  Curtis, do you want to

20  respond?

21    MR. CURTIS:  Could she repeat that again, your

22  Honor?  She'd like advice as to what?

23    THE COURT:  No, she doesn't want advice, sir.

24    MS. O'LEARY:  I know --

25    THE COURT:  She said that she has no idea what

22

Proceedings

1   the Bushman matter is, so you making this claim that

2   there's a potential conflict, these attorneys can't even

3   evaluate that claim because they're not parties to the

4   Bushman matter, so they have no idea what you're talking

5   about.

6           MR. CURTIS:  All right.  Your Honor, I will

7   provide that information.

8           THE COURT:  No, no, ,no, this is your chance,

9   sir.  You want to tell them what it is that you perceive

10  is a conflict?  Because otherwise, I'm not requiring them

11  to do discovery when there is a motion to dismiss that

12  has just been scheduled, Mr. Curtis.  That's not the way

13  it works in federal court.

14          I'm going to stay all discovery pending the

15  adjudication of the motion to dismiss, and should the

16  motion to dismiss be denied, then I will schedule

17  discovery, and you'll be able to do whatever discovery

18  you believe is necessary, subject to the limitations set

19  by the Federal Rules, and any rulings of the Court.

20          But right now, I'm not going direct them to

21  turn over policies, which is what your motion was asking

22  for.

23          MR. CURTIS:  Yes.

24          THE COURT:  But if you want your chance to give

25  a better explanation of what you were trying to raise,

23

Proceedings

1   I'm giving you that opportunity now.

2          MR. CURTIS:  Well, your Honor, as I see it,

3   that was a part of what put my firm out of business.

4          THE COURT:  I don't know what that means, sir.

5   You're trying to say that there's a conflict of interest

6   because of a case that Ms. O'Leary just put on the

7   record, she has no idea what that case is or what you're

8   referring to.  Did you provide a docket number?  Did you

9   provide which court it was in?  I didn't see any of that

10  information in your letter.

11         Mr. Curtis?

12         MR. CURTIS:  Yes, I'm here, your Honor.

13         THE COURT:  Again, I'm not trying to give you a

14  hard time, but if you're making a motion to the Court,

15  and you're saying that there is a conflict, and you're

16  serving this on all these defendants, but you're not

17  prepared to give them more information, then your motion

18  is denied.  Plain and simple.  There's no way for anybody

19  to determine whether there's any potential conflict here.

20         MR. CURTIS:  Your Honor, I'll just have to come

21  back to it at a different time.

22         THE COURT:  Well, I do want you to understand

23  that I am staying all discovery.  I am not saying that

24  they have to respond and again, I've given you a chance

25  on the record, to try to tell me what it is that you are

24

Proceedings

1   trying to get at here, but your motion to produce

2   policies is simply not sufficient for the Court to order

3   anybody to turn over anything.

4               Quite simply, you don't give any docket number,

5   you don't give any case, you just say the Bushman action,

6   and so for the reasons set forth on the record today,

7   your motion at document 61 is denied.

8               Okay.  I am going to stay discovery and stay

9   any response to the amended complaint, pending the

10   schedule that I am putting into effect today.  So again,

11   I'm going to repeat the schedule.

12               By October 5th, 2020, all defendants, including

13   pro se defendant, Ms. Bassa, will make their motion to

14   dismiss by serving a copy on Mr. Curtis.

15               By November 16th, Mr. Curtis will oppose the

16   motion.

17               And on December 7th, 2020, both Mr. Curtis and

18   all of the defendants will file their portion of the

19   motion. So the defendants who are moving will file the

20   motion to dismiss, and any reply.  Mr. Curtis will file

21   his opposition.

22               Is there anything else today, Mr. Curtis, that

23   needs to be addressed?

24               MR. CURTIS:  No, no, and thank you very much,

25   your Honor.

25

Proceedings

1          THE COURT:  Thank you, sir.

2          Anything further, Mr. Janof, on behalf of the

3    Greenberg and Yeung defendants?

4          MR. JANOF:  No, thank you, your Honor.

5          THE COURT:  Mr. Wilk, anything else on behalf

6    of the Larkin defendants?

7          MR. WILK:  Just a point of clarification, your

8    Honor, the -- earlier you indicated that the complaint

9    had exhibits, and I think the direction was that we could

10   address the complaint with the exhibits in our motion, is

11   that correct, and nothing else?

12         THE COURT:  Again, if you look at Second

13   Circuit case law, there is a plethora of cases that say

14   if there are exhibits attached, they're incorporated by

15   reference.

16         MR. WILK:  That's what I thought.

17         THE COURT:  So that's why --

18         MR. WILK:  Okay.  I just wanted --

19         THE COURT:  As long as they were attached to

20   his complaint, they are incorporated by reference, and

21   are part of the four corners of those pleadings.

22         MR. WILK:  Thank you.

23         THE COURT:  That doesn't necessarily mean that

24   they can be accepted for the truth of what they say.

25   Some of the documents may have other reasons why they

26

Proceedings

1   raise issues, but I'm just saying for purposes of a

2   pleading, if somebody attaches exhibits, they can be

3   considered on a motion to dismiss.

4           MR. WILK:  Thank you, your Honor.

5           THE COURT:  Mr. Francoeur, is there anything

6   else on behalf of the Kelson defendants?

7           MR. FRANCOEUR:  No, your Honor.  Thank you.

8           THE COURT:  Ms. O'Leary, anything further on

9   behalf of defendant Pine?

10          MS. O'LEARY:  No, your Honor.

11          THE COURT:  Mr. Iaconis, or Ms. Sullivan,

12  anything further on behalf of the defendants you

13  represent?

14          MS. SULLIVAN:  Yes, your Honor, this is Ms.

15  Sullivan.

16          We mentioned in our pre-motion letter that we

17  also intend on filing a Rule 11 motion for sanctions.  We

18  would just like the Court's guidance on a schedule for

19  that, and we would like -- if you would like us to mirror

20  that, the motion to dismiss schedule for our Rule 11

21  motion schedule.

22          THE COURT:  Have you given him his safe harbor

23  period to withdraw the complaint?

24          MS. SULLIVAN:  Yes, we filed a letter -- we

25  sent him a letter, I think we mentioned the date in our

27

Proceedings

1   pre-motion letter, but yes, we did.

2          THE COURT:  Well, as long as that date that you

3   gave him has come and gone, and he has come and gone

4   again, you know, again, refused to withdraw, then any

5   Rule 11 should be incorporated into your motion to

6   dismiss, and Mr. Curtis, you should deal with their Rule

7   11 motion, as you deal with the motion to dismiss.

8          And if you're wanting to reconsider your

9   position, regarding whether or not you will withdraw, you

10  can speak to Mr. Iaconis or Ms. Sullivan about that.

11  Otherwise, all motions will be on the same schedule.

12         MS. SULLIVAN:  Thank you, your Honor.

13         THE COURT:  Anything further, Ms. Sullivan?

14         MS. SULLIVAN:  No, your Honor.  Thank you.

15         THE COURT:  Mr. Bonfield or Mr. Saltiel?

16         MR. SALTIEL:  Nothing further, thank you.

17         THE COURT:  Mr. Sheindlin, anything further?

18         MR. SHEINDLIN:  Nothing further.  Thank you,

19  Judge.

20         THE COURT:  Ms. Bassa, anything further?

21         MS. BASSA:  No, nothing further.  Thank you

22  very much.

23         THE COURT:  Ms. Bassa, there is still a number

24  that you can call the court, the pro se office if you

25  needed some instructions.

28

Proceedings

1          MS. BASSA:  Yes, please.  Yes, please.

2          THE COURT:  You need that number?

3          MS. BASSA:  Yes, yes, I do, please.

4          THE COURT:  That number is 718 --

5          MS. BASSA:  Yes.

6          THE COURT:  -- 613 --

7          MS. BASSA:  Yes.

8          THE COURT:  -- 2665.  That is the --

9          MS. BASSA:  Okay.

10         THE COURT:  -- pro see office of the

11    courthouse, and if there is nobody picking up, they will

12    be returning phone calls.  So if you leave a phone number

13    -- and they do have instructions on how to oppose a

14    motion, but they're the same as those that are listed in

15    the handbook I had them send to you.

16         MS. BASSA:  Okay.  Yes.

17         THE COURT:  Did you finally receive that

18    handbook?

19         MS. BASSA:  Yes, I -- I did.  I did.  I did

20    receive it (indiscernible).

21         THE COURT:  Okay.  So there are instructions in

22    that handbook on how to oppose a motion, or how to make a

23    motion.

24         MS. BASSA:  Okay.

25         THE COURT:  And you should be looking at how to

Transcriptions Plus II, Inc.

29

Proceedings

1  make a motion.

2          MS. BASSA:  Okay.

3          THE COURT:  And the rule that you're looking at

4  is Rule 12 of the Federal Rules of Civil Procedure.

5          MS. BASSA:  Okay.

6          THE COURT:  Okay.

7          MS. BASSA:  (Indiscernible).

8          THE COURT:  So I will set a schedule --

9          MS. BASSA:  Thank you very much again.

10          THE COURT:  You're very welcome.

11          I will set the schedule as set forth on the

12  record, and that deals with each of the individual

13  defendants' pre-motion conference request, and again, if

14  there is any need to change this schedule, you must

15  contact the other side to ask -- excuse me -- to ask for

16  consent.

17          So please, Mr. Curtis, Mr. Janof, Mr. Wilk, Mr.

18  Francoeur, Ms. O'Leary, Mr. Iaconis, Ms. Sullivan, Mr.

19  Bonfield, Mr. Saltiel, Mr. Sheindlin, and Ms. Bassa,

20  please try to stick to the schedule.  This will make

21  everybody's life a lot easier.

22          I am staying all discovery.  There will be no

23  discovery that needs to be responded to until the motion

24  has been adjudicated.  The fully-briefed motion will be

25  filed with the Court by December 7th, 2020.

30

Proceedings

1        With that, I wish you all continued good

2   health.  This matter is adjourned.  Thank you very much.

3        IN UNISON:  Thank you, your Honor.

4                    (Matter Concluded)

5                       -o0o-

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

31

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **13th** day of **August**, 2020.

*Linda Ferrara*
Linda Ferrara

AAERT CET 656
Transcriptions Plus II, Inc.